IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CV-252

| | |
|---|---|
| JAMES ISAAC DRAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE STATE OF NORTH CAROLINA, and ) | |
| THEOFANIS NIXON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed June 3, 2010. (Doc. 1.) After careful consideration by the Court, the Plaintiff's Complaint will be **DISMISSED** for the reasons set forth herein.

Section 1983 prohibits a person from depriving a right secured by the Constitution to another while acting under color of state law. Plaintiff's Complaint, filed as a 42 U.S.C. § 1983 claim, attacks the validity of his underlying criminal conviction.

However, a section 1983 action is not the proper vehicle to attack Plaintiff's underlying criminal conviction. Even if section 1983 was the proper vehicle to challenge his conviction, the Complaint must still be dismissed because Judge Nixon enjoys immunity from § 1983 liability for judicial acts. *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).

Also, Plaintiff does not allege any acts committed by the State of North Carolina which would constitute a deprivation of a right under § 1983. The only time the State of North Carolina is mentioned is on the first page of Plaintiff's Complaint where North Carolina is named as a Co-Defendant. To the extent Plaintiff's Complaint alleges that the State of North Carolina has wrongfully incarcerated him, it fails to state a claim under section 1983. *Heck v. Humphrey*, 512

1

U.S. 477, 486–87 (1994) ("A claim for damages [based on a wrongful] conviction or sentence that has not been . . . invalidated is not cognizable under § 1983.").

**THEREFORE**, Plaintiff's Complaint is hereby **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Signed: June 29, 2010

Graham C. Mullen
United States District Judge